UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:

BASSEY S. BASSEY,

    Plaintiff,                             **COMPLAINT**

v.                                             **JURY TRIAL DEMANDED**

FINANCIAL BUSINESS AND CONSUMER,

SOLUTIONS, INC. d/b/a FBCS, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, BASSEY S. BASSEY (hereinafter, "Plaintiff"), by and through counsel, brings this action against Defendant, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. d/b/a FBCS, Inc. (hereinafter, "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### PARTIES

2. Plaintiff, is a natural person who resided in Lauderhill, Florida, at all times relevant to this action.

3. Defendant, is a Hatboro, Pennsylvania corporation engaged in the collection of debt within the State of Florida.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. See *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before Defendant began contacting Plaintiff, it and Plaintiff had no prior business relationship and Plaintiff had never provided express consent to Defendant to be contacted on his/her cellular telephone.

8. Defendant regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Defendant's revenue is debt collection.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, Defendant contacted Plaintiff to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. The alleged debt at issue arises from transactions for personal, family, or household purposes.

18. In or around January, 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone.

19. In or around January, 2016, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

20. During the aforementioned conversation, Plaintiff told Defendant's collector to stop calling.

21. On multiple occasions since the aforementioned conversation, Plaintiff has spoken with Defendant's collectors and told them to stop calling.

22. Despite Plaintiff's requests, Defendant continued to place collection calls to Plaintiff's cellular telephone.

23. Defendant has refused to provide Plaintiff with information regarding what the call is regarding in Defendant's calls to Plaintiff.

24. Defendant has refused to provide Plaintiff with meaningful disclosure of the caller's identity in Defendant's calls to Plaintiff.

25. Defendant has refused to disclose in calls to Plaintiff that the calls were from a debt collector.

26. Defendant's collectors behaved in a rude and harassing manner when talking to Plaintiff.

27. Defendant's calls used a prerecorded or artificial voice message.

28. Upon information and belief, these calls were placed via an Automatic Telephone Dialing System ("ATDS").

29. Defendant's calls were not placed for emergency purposes.

30. Upon information and belief, Defendant knowingly and intentionally called Plaintiff via an ATDS and with an artificial or prerecorded voice without Plaintiff's consent.

31. Defendant called Plaintiff using a business name other than its true business name or a registered d/b/a.

32. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

33. Defendant's collectors are familiar with the FDCPA.

34. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

35. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT ONE - VIOLATIONS OF THE FDCPA

36. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 35 above as if fully set forth herein.

37. Defendant is liable under 15 U.S.C. § 1692d for using harassing and abusive tactics to collect the alleged debt.

38. Defendant is liable under 15 U.S.C. § 1692e for using false, deceptive, and misleading representations in connection with the collection of an alleged debt.

39. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## COUNT TWO - VIOLATIONS OF THE TCPA

40. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 35 above as if fully set forth herein.

41. Defendant is liable under 47 U.S.C. 227(b)(1) for placing ATDS and prerecorded or artificial voice calls to Plaintiff's cellular phone without consent.

42. These calls were made knowingly and willfully.

## COUNT THREE - VIOLATIONS OF THE FCCPA

43. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 35 above as if fully set forth herein.

44. At all times relevant to this action, Defendant is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

45. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

46. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

47. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

48. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff or Plaintiff's family member with such frequency as can reasonably be expected to harass Plaintiff or Plaintiff's family member, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff or Plaintiff's family member.

49. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

50. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.
2. Statutory damages under the FDCPA and FCCPA of $1,000.
3. Statutory damages of $1,500 per call for Defendant's willful violations of the TCPA.
4. Statutory damages of $500 per call for Defendant's negligent violations of the TCPA.
5. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77.

6. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77.

7. Any other relief that this Court deems appropriate.

DATED:  December 6, 2016           RESPECTFULLY SUBMITTED,


By: /s/ *John P. Murray*

*Of Counsel*
John P. Murray, Esq. (FL Bar No.: 975818)
Hyslip & Taylor, LLC, LPA
2655 Lejeune Rd. PH1-D
Coral Gables, FL  33134
Phone: 305-779-4818
Fax: 305-779-4819
Email: john@johnpmurray.com
Attorney for Plaintiff, Bassey S. Bassey